IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY HANNAH,<br>Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA<br>SCHOOL REFORM COMMISSION,<br>Defendants. | :<br>:<br>: | NO. 17-4669 |

## MEMORANDUM

GOLDBERG, J.                                                                                   NOVEMBER 14, 2017

Plaintiff Timothy Hannah brings this civil action against the School District of Philadelphia and the School Reform Commission stemming from his termination of employment as a substitute teacher. He seeks to proceed *in forma pauperis*. Before the Court had an opportunity to address plaintiff's initial complaint, plaintiff filed an amended complaint, which provides additional information about the events giving rise to his claims. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss this case with prejudice.

I.   FACTS[1]

Prior to his termination, plaintiff was a substitute teacher with the Philadelphia School District since 1993. Plaintiff alleges that after teaching a class on November 18, 2013, he was summoned by the principal, Daniel Peou, and questioned as to whether he showed nude pictures to a student. Although plaintiff denied the allegation, he was escorted from the building and informed that he was under investigation.

---
[1] The following facts are taken from the complaint and amended complaint in this case.

1

On December 5, 2013, plaintiff attended an "investigatory conference" with Mr. Peou, a union representative, and a labor relations representative. Plaintiff denied engaging in any inappropriate conduct. Despite his denial, Mr. Peou recommended plaintiff's dismissal.

On January 27, 2014, plaintiff attended another conference with school officials during which he was given an opportunity to address the allegations against him. Plaintiff reiterated that he had not engaged in any inappropriate conduct and challenged the credibility of statements given by students about the incident.

On April 8, 2014, plaintiff attended a grievance hearing during which he was accused "for the **first** time" of failing to surrender his cell phone when he was summoned to see the principal in November. (Am. Compl. at 4.) Plaintiff submitted a response to the allegation following the hearing, but the hearing officer nevertheless recommended his dismissal.

Plaintiff challenged the recommendation by requesting a hearing before the School Reform Commission. He received a hearing on April 23, 2015. Plaintiff and Mr. Peou both testified, but plaintiff's student-accuser was not present. On August 20, 2015, the School Reform Commission set forth findings of fact and conclusions of law that "approved" plaintiff's dismissal. (Am. Compl. at 5, ¶ 16.) Plaintiff alleges that the Commission's findings were based on hearsay and included false allegations. Plaintiff also notes that he was not permitted to question the student who accused him.

Plaintiff appealed his termination in the state courts, but his efforts were unsuccessful. Accordingly, he filed this civil action on October 18, 2017, against the School District and the School Reform Commission. He alleges that he was denied his right to due process because he was terminated based on an "uncorroborated statement of a single student" and statements of two other students who were not "present during the alleged incident." (Am. Compl. at 8, ¶ 36.) He

2

also alleges his rights were violated because the student-accuser was not present at the hearing to testify against him, meaning that the Commission did not have an opportunity to assess her credibility and that he did not have an opportunity to cross-examine the student.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the amended complaint if it fails to state a claim.[2] Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations do not suffice to state a claim. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the pleading. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Plaintiff raises due process claims pursuant to 42 U.S.C. § 1983 stemming from his termination based on an alleged falsehood. Pennsylvania's two-year statute of limitations

---

[2] Although the amended complaint is the governing pleading in this matter, the Court has considered both of plaintiff's pleadings in light of his *pro se* status and the procedural posture of this case, to determine whether plaintiff has stated a claim and whether amendment of his claims would be futile.

3

applies to plaintiff's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period begins to run "when the plaintiff knew or should have known of the injury upon which [his] action is based." *See Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The manner in which the amended complaint is pled is slightly confusing. It is not clear whether plaintiff was terminated once the Commission issued its findings and conclusions on August 20, 2015, or whether he was terminated at some point prior to that date. However, it is clear that plaintiff had been terminated by August 20, 2015, and that he is challenging conduct of the School District and School Reform Commission that occurred between November of 2013 and August of 2015. As plaintiff did not file this civil action until October 18, 2017—more than two years after he knew or should have known of the injury upon which this action is based— this case is time-barred. *See Moiles v. Marple Newtown Sch. Dist.*, No. CIV.A. 01-4526, 2002 WL 1964393, at *4 (E.D. Pa. Aug. 23, 2002) ("[T]he core of plaintiff's cause of action is that he was *terminated* without due process. Thus, his cause of action accrued at the time he was terminated.").

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's amended complaint. Plaintiff will not be given leave to file a second amended complaint, because it is apparent from the face of the amended complaint that this action is time-barred. An appropriate order follows.